

FILED

MAY 17 2021

PETER A MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Rajul Ruhbayan,
  Plaintiff

        v.

Rebecca Beach Smith, Dist. Judge
Robert B. King, App. Judge
Allyson K. Duncan, App. Judge
William W. Wilkins, App. Judge

COMPLAINT No. <u>5:21-CT-3133</u>

(civil complaint, pursuant to BIVENS, 403 US 388 (1971); under 28 USC ß 1331: Complaining of ongoing 17 years of 1st & 5th Amend. Constitutional deprivation of access-to-court against four Article III defendant judges.

## TABLE OF CONTENTS

INFORMATION OF COMMENCEMENT............................................PG. 1

TABLE OF CONTENTS.....................................................PG. 1

JURISDICTION.........................................................PG. 3

LEGAL STANDARD FOR REVIEW OF COMPLAINT...............................PG. 3-5

COUNT ONE............................................................PG. 5

COUNT ONE's STATEMENT OF CLAIM.......................................PG. 5-12

COUNT TWO............................................................PG. 12

COUNT TWO's STATEMENT OF CLAIM.......................................PG. 13-14

PROSPECTIVE INJUNCTIVE & DAMAGES RELIEF SOUGHT.......................PG. 15

SIGNATURE & CERTIFICATE OF SERVICE, UNDER 28 USC ß 1746.............PG. 16

AUTHORITIES..........................................................PG. 2

Rajul Ruhbayan, **PRO SE**

51657-083
F.C.I. Butner Medium II
P.O. BOX 1500
BUTNER, NC. 27509

<u>1</u>

## JURISDICTION

Before the court is **PRO SE** Plaintiff ( " Mr. Ruhbayan " ) and his complaint filed pursuant to Bivens v. Six Unknown Named Agents of Federal Narcotics, 403 US 388 (1971). The court's granted authority of cognizance over the instant complaint is provided by Federal Question statute 28 USC ß 1331.

## LEGAL STANDARD FOR REVIEW OF COMPLAINT

Mr. Ruhbayan's 1st & 5th Amend. deprivation of access-to-court suit of COUNTS ONE & TWO against 4 defendant judges, sued in their " INDIVIDUAL CAPACITY ", for soley " PROSPECTIVE INJUNCTIVE RELIEF & PROSPECTIVE DAMAGES RELIEF " may be addressed by this court without running afoul of the " favorable determination doctrine " of Heck v. Humphrey, 512 US 477 at 486-487 (1994)( " Heck " ); reasonably, in light of the following ' three ' LEGAL FACTS:

1. A " favorable determination " by this court, on Mr. Ruhbayan's suit, does not " NECESSARILY imply " the invalidity of his conviction or sentence. See, Nelson v. Campbell, 541 US 637 at 647 (2004)( " (W)e were careful in Heck to stress the importance of the term ' Necessarily '. " ). It follows, at most a ' favorable determination ' on his instant suit would only provide Mr. Ruhbayan an awarded compensation of ' EQUITABLE TOLLING ' of the statute of limitation for a 28 USC ß 2255 habeas hearing. And still subsequently during the future ß 2255 habeas hearing it can not be reasonably " NECESSARILY implied " the presiding ß 2255 judge will favorably determine his then undeprived of access 5th Amend. claim of a ' Legitimate Expectation of Finality '. Hence the relief Mr. Ruhbayan seeks is not based on the theory that his conviction or sentence was invalid and that he seeks ' Retrospective Injunctive Relief & Retrospective Damages Relief involving some form of wrongful of imprisonment '. However his sought 'PROSPECTIVE relief' seeks simply (a)n 'EQUITABLE TOLLING' hearing to provide him a first opportunity of access of hearing to redress in a federal court his 5th Amend. claim of a Legitimate Expectation of Finality, due to the actual fact that the court records as a whole of Mr. Ruhbayan's case conclusively show the 4 named Art. III defendant judges, ongoing for the past 17 years, during all his resentencings, direct reviews & even ß 2255 habeas hearings, have covered-up, eluded, interfered with and, without justification, dismissed his 5th Amend. claim of a Legitmate Expectation of

3

Finality. Clearly the prospective injunctive relief Mr. Ruhbayan seeks would " neither terminat(e) custody, accelerat(e) the future date of release from custody. ". See Skinner v. Switzer, 562 US 521 at 533-535 (2011)( Finding that Plaintiff properly invoked ß 1983 as success in his suit for DNA would not "necessarily imply" an invalid conviction because an exculpatory outcome was hardly inevitable and DNA results may prove inconclusive or further incriminate Plaintiff.); Wolff v. Mcdonnell, 418 US 539 at 554-555 (1974)("relief would not necessarily imply")...

2) Mr. Ruhbayan's suit of COUNT ONE & TWO's statement of claims fall under the Heck exception as he can reasonably claim that no route is open to him other than this prospective injunctive relief and prospective damages relief action to challenge his sentence. See, Lewis v. Casey, 518 US 343 at 355-356 (1996) ( holding (P)risoners may only proceed on a access-to-court claim in two types of cases challenges ( direct or collateral ) to their sentences and conditions of confinement); Also see, Spencer v. Kemna, 523 US 1 at 20-21 (1998)( U.S. Supreme Court determined Plaintiffs, without recourse under habeas statute, are immune from Heck application ). Accordingly Applying Heck to Mr. Ruhbayan's claims of suit would put him in an " untenable 'Catch-22' situation ". See Heck at 487-490. Meaning Mr. Ruhbayan would be barred from bringing his access-to-court suit against defendant judges until he successfully overturned his sentences, but cannot EFFECTIVELY challenge those setences because defendant judges Constitutional deprivation of access-to-court occured and ongoingly occurs during all previous, direct reviews, resentencings & even ß 2255 habeas review hearings and all such hearings were and ongoingly are presided over by at least one of the same four Art. III defendant judges.

3) The four, Art. III. defendant judges can be sued directly for prospective damages & prospective injunctive relief under Bivens claim, in their " INDIVIDUAL CAPACITY ", as these actions are not seen as actions against the federal state of Washington D.C. and may be addressed by the court to * END CONTINUING OR ONGOING VIOLATIONS OF FEDERAL LAW, without the court running afoul of the 'favorable determination doctrine ' of Heck. See **Arrellano** V. Blahnik, 2017 U.S. Lexis 102370, 2017 WL 2833117, at *9 (S.D. Cal. June 30, 2017, report and recommendation adopted as modified on other grounds in **Arrellano** v. Blahnik, 2017 U.S. Dist. Lexis 131719, 2017 WL 3530896 (S.D. Cal. Aug. 17, 2017)( Ordered that: 1. The report is adopted with modification 2. The Motion to dismiss with regard to the **Heck issue** is GRANTED IN PART AND AMENDED IN PART as follows: Plaintiff may

proceed with his access-to-court claim for the losses that are unrelated to alleged wrongful incarceration (for example, compensation for acquiring the lost transcripts or obtaining replacement affidavits; Plaintiff may also seek an award of nominal damages...compensatory damages...punitive damages...any damages claimed for wrongful incarceration is not allowed)... 5. The Motion to dismiss based on Plaintiff suing Blahnik in his official capacity for damages under ß 1983 is GRANTED. However, Arrellano may proceed against Blahnik in his individual capacity for damages under section 1983."). Id. **Arrellano at *12** (citing Kentucky v. Graham, 473 US 159 at 167 n. 14 & 169 n. 18; Also see Pennhust State School and Hosp. v. Halderman, 465 US 89 at 103 (1984); Ex parte Young, 209 US 123 at 159-160 (1908) (cited in MCI Tele Comm. Corp. v. Bell Atlantic Pennsvlvania, 271 f.3d 491 at 506-508 (3rd Cir.)(noting that "individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law." ).

### * COUNT ONE *

1st and 5th Amendment U.S. Constitutional deprivation of access of hearing, under the U.S. Supreme Court's Directive of Booker (" DOB ") infra. and its operative legal tenets of 18 USC ß 3553(b)(1), ß 3585(b) and ß 3624(a) of the Sixth Amendment holding of Booker (" SAHB ") infra, to redress in a federal court a 5th Amendment claim of a Legitimate Expectation of Finality---against Article III Defendant Judges Robert B. B. King, Allyson K. Duncan, William W. Wilkins of the Appeallate court of Richmond, VA. and Judge Rebecca B. Smith of the district court of Norfolk, VA.--- EACH OF FOUR Art. III defendant Judges SUED soley in their " INDIVIDUAL CAPACITY ".

### COUNT ONE's STATEMENT OF THE CLAIM

After Mr. Ruhbayan, for the non-violent offense of essentially obstruction of justice ( e.g. U.S.S.G. ß 2J1.2 (Guideline manual for the year 2000)), had fully served, from his initial arrest on January 8, 2002 until the jury's verdict on October 27, 2003, 21 months of preconviction dentention to fully satisy defendant judge Smith's limited 21 months of statutory maximum of custodial sentence and dentention authority granted by the operative legal tenets of ß 3553(b)(1), ß 3585(b) and ß 3624(a) of the SAHB, 543 U.S. 220 at 226-234 (Jan. 2005), he timely

5

filed, on August 20, 2004, a 14 page supplemental brief of Appellate case No. 04-4103 and docket No. 45-46 as furthered filing verified by Appellate Court record " FOOTNOTE SIX " of Ruhbayan, 406 f.3d 292 at 298 n. 6 (4th cir./Apr. 2005). Accordingly on his supp. br.'s **pages 11-12** he raised a 5th Amend. claim of due process to a Legitimate Expectation of Finality as to the severity of his sentence and detention to not be beyond October 2003 (i.e. 21 months) based on the operative legal tenets of ß 3553(b)(1), ß 3585(b) and 3624(a) of the SAHB applied to his supp. br.'s pages 11-12's set forth and contested sentence calculation facts of a **B.O.L. OF 12, C.H.C. OF III and guideline range of 15-21 months.** Mr. Ruhbayan's supp. br's pages 11-12's set forth 5th Amend. right of claim of a Legitimate Expectation of Finality and its actual and apposite contested sentence calculation facts as follows, reads, in quote:

> " In summary, the Defendant's sentence should be based on an **Adjusted Offense Level of 12** and a **Criminal History Catagory of III,** which would have provided for a **sentence range of 15-21 months,** with no applicable upward departure. CONCLUSION: For the reasons stated above, the Defendant's sentence should be vacated and remanded to the district court to resentence without the enhancements and upward departures, in violation of **BLAKELY,** (542 US 296). "

The U.S. Supreme Court's DOB, 543 U.S. 220 at 268 (Jan. 2005), and its mandatory language of " must apply...today's holdings-both the Sixth Amendment holding " required that four defendant judges MUST APPLY the operative legal tenets of the SAHB specifically to Mr. Ruhbayan's contested sentence calculations of fact of--: pages 11-12 of his supp. br.. Accordingly the DOB's Legal Standard necessarily created for Mr. Ruhbayan a 1st & 5th Amend. right of access of hearing , specifically under the legal tenets of the SAHB, to redress in a federal court his attendant 5th Amend. right of claim of a Legitimate Expectation of Finality, specifically based on his contested sentence calculations of fact; which specifically are set forth on pages 11-12 of his supp. br.. The DOB and its mandatory language of MUST APPLY as follows, reads, in quote:

> " We **must apply** today's **holdings-both the Sixth Amendment holding** and the remedial interpretation of the Sentencing Act---to all cases on direct review. See Griffith v. Kentucky, 479 US 314,328 (1987)( " (A) new rule for the conduct of criminal prosecution is to be applied retroactively to all cases on direct review or not yet final. " ) ".

<u>6</u>

" FOOTNOTE NINE " of Ruhbayan, 406 f.3d 292 at 301 n. 9 (4th cir./Apr. 2005), as follows, reads, in quote:

> " **Assuming, without deciding** that the trial court correctly calculated Ruhbayan's **Criminal History at VI** and his **Offense Level at 32,** application of the ß 3B1.1(a) enhancement (resulting in an offense level of 36) increased the applicable sentencing range by 62 months, from **210–262 months** to 324–405 months. "

Mr. Ruhbayan complains Defendant Judges King, Duncan, Williams and Smith, while acting under the color of federal law deprived Mr. Ruhbayan of his 1st & 5th Amend. right of access of hearing, under the legal tenets of the SAHB, to redress in a federal court his 5th Amend. right of claim of a Legitimate Expectation of Finality when in FOOTNOTE NINE's, above quote, defendants, based on a MATERIALLY FALSE ASSUMPTION OF CONSTITUTIONAL MAGNITUDE AND WITHOUT JUSTIFICATION FROM THE LEGAL STANDARD OF THE DOB, 543 US at 268, properly reviewed his 5th Amend. claim of a Legitimate Expectation of Finality but " **PERVERSELY SWITCHED** " Mr. Ruhbayan's 5th Amend. claim's 'actual and apposite' contested sentence calculations of fact of a B.O.L. of 12, C.H.C. of III and guideline range of 15–21 months to defendants' "perversely switched" & "assumed" false and inapposite uncontested sentence calculations of fact of a B.O.L. of 32, C.H.C. of VI and guideline range of 210–262 months. Defendant judges actual interference and prejudice of their "perverse switch" of FOOTNOTE NINE effectively deprived Mr. Ruhbayan of his 1st & 5th Amend. right of access of a hearing, under the legal tenets of ß 3553-(b)(1), ß 3585(b) and ß 3624(a) of the SAHB, to redress in a federal court his 5th Amend. claim of a Legitimate Expectation of Finality and its actual and apposite contested calculations of fact specifically set forth on his supp. br.'s pages 11–12. In Ruhbayan, 406 f.3d 292 at 302 (4th cir. Apr. 2005), this Appellate Court record shows the Defendant judges vacated and remanded Mr. Ruhbayan's custodial and supervised portion of sentences to be resentenced consistent with THE DOB, 543 U.S. at 268. See **Tucker,** 404 US at **447; Townsend,** 334 US at **741.**

Defendant Judge Smith presided over the November 2005 resentencing hearing; further Defendant judge Smith understood that the U.S. Supreme Court's DOB's Legal Standard, at 268, required that Mr. Ruhbayan be granted access of hearing, under the legal tenets of the SAHB to redress his 5th Amend. Claim of a Legitimate Expectation of Finality. Defendant judge Smith explains the DOB as follows, in quote:

Case 5:21-ct-03133-BO    Document 1    Filed 05/17/21    Page 6 of 15

" The Supreme Court directed that **both** its **Sixth Amendment holding** and remedial interpretation of the SRA apply to all cases on direct review. See Id. at 769. ". Ruhbayan, 427 f. Supp. 2d 640 at 649 (4th cir. Nov. 2005).

However, by perverse design, defendant judge Smith perverted the directive of the DOB when defendant judge Smith based on FALSE MISINFORMATION OR ASSUMPTION, ASSUMED that the DOB's required applied application of the mandatory legal tenets of ß 3553(b)(1), ß 3585(b) and 3624(a) of the SAHB were not required by the DOB . because the guidelines at resentencing had become advisory, under the legal tenets of the Remedial holding of Booker (" RHB "), 543 US at 245-246, Judge Smith's explained perversion of the DOB's Legal Standard as follows, reads, in quote:

" Since imposition of sentence based on judicial fact finding violates the Sixth Amendment only when the Guidelines are treated as mandatory, Booker, 125 S. Ct. at 750, solong as the court treats the Guidelines as advisory, in resentencing, the court will not violate Booker by applying a Guideline section, including ß 3b1.1(a) based on a fact found by a judge " . Id. Ruhbayan, 427 F. Supp. 2d at 650.

Judge Smith's resentencing procedural errors are best viewed under the lens of the Sixth Circuit Court of Appeals ruling in O'Georgia, 569 f.3d 281 at 286 & 289 (6th cir./2009/App. Ct.). The O'Georgia Appellate Court observed the defendant received a custodial portion of sentence of 21 months plus one year of supervised release. That sentencing decision was remanded in light of Booker and the district court at resentencing reimposed the same sentence. On review, the Appellate Court vacated that decision but it found that the district court committed procedural error by reimposing a 21 month custodial portion of sentence that had already been fully served, under the DOB's required first applied application of the mandatory legal tenets of the SAHB's effects. The O'Georgia Appellate Court explains, in quote:

" Rather the procedural error stems from the district court's failure to recognize Arhebamen's completion of his custodial sentence rendered that portion moot at the resentencing stage, This error is apparent in the sentencing court's incorrect statement that it "could in fact sentence (Arhebamen) to a higher sentence than the last time because the guidelines are not mandatory". The Context surrounding that statement clearly shows that the quoted remark refers to the custodial portion of the sentence. In light of the procedural error, we remand the case to the district court for consideration of whether the now advisory period of supervised release is appropriate in the case. ". Id. O'Georgia at 289

8

" Page 115 " of Ruhbayan, 527 f.3d 107 at 115 (4th cir./App. Ct./May 2007), as follows, reads, in quote:

> " In his second contention in this appeal, Ruhbayan maintains that the sentencing court's application of the remedial provisions of United States v. Booker, 543 U.S. 220 (2005) is precluded by the Ex Post Facto Clause of the Fifth Amendment. **More Specific**ally he asserts that the maximum prison term to which he was exposed, determined by the facts of the jury, was **twenty-one months**. At oral argument, however, Ruhbayan conceded that this claim is foreclosed by our recent decision in United States v. Davenport, 445 f.3d 366 (4th cir. 2006). Consistent with Davenport, we reject Ruhbayan's contention in this regard. ". Id. at Page 115

Above, Page 115, reveals defendant judges King, Duncan and Williams recognized and acknowledged that Mr. Ruhbayan, at his May 2007 direct review, reraised and maintained his 5th Amend. right of claim of a Legitimate Expectation of Finality as to the severity of his sentence & detention to not be beyond **21 months** (i.e. Oct. 2003), under the legal tenets of the SAHB. However, unlike the, above, O'Georgia's , Appellate Court's, proper & indeed HONORABLE rectifying application of the DOB's plural holdings of the SAHB & RHB to correct 6th circuit judge Rosen's procedural errors, Defendant judges King, Duncan and Williams, above, in Page 115, utterly mad(e) no mention or gav(e) no consideration to or about the DOB's, 543 US at 268, Legal Standard and its required application of the SAHB to the contested sentence calculations of fact of pages 11-12 of Mr. Ruhbayan's supp. br.; nor do defendants King, Duncan & Wilkins take responsibilty and accept their guilt of having "perversely switched" in FOOTNOTE NINE Mr. Ruhbayan's contested sentence calculations of fact, so that Mr. Ruhbayan reasserted the calculation fact of **21 months**, above in Page 115, to draw the defendants awareness to the Unrectified "perverse Switch" of FOOTNOTE NINE. The defendants, tried to paint the 21 months fact as an issue centered on the RHB when actually the 21 months calculation fact is from its seminal orgin an issue centered, under the legal tenets of the SAHB, for the simple reasonable reason that the 21 months calculation fact makes its first debut in Mr. Ruhbayan's 5th Amend. claim of Legitimate Expectation of Finality of its contested 21 months, calculation of fact, set forth on the stage of pages 11-12 of his supp. br.. Above defendants, in Page 115, decided based on GROUNDS " Consistent with Davenport", 445 f.3d 366, and not Consistent with the proper Legal Standard of the DOB, 543 US at 268, and its procedural rule of Griffith, 479 US at 328.

<u>9</u>

Defendant judge Smith presided over Mr. Ruhbayan's ß 2255 hearing and petition. Mr. Ruhbayan's Ground One and Two of his ß 2255 reraised his 5th Amend. claim of a Legitimate Expectation of Finality, under the legal tenets of the SAHB and based on the same contested sentence calculations of fact that are set forth on pages 11-12 of his supp. br.; no other Grounds were raised other than the fore said Two Grounds. Defendant judge Smith procedurally dismissed his ß 2255 petition and without holding an evidentiary hearing on his Two Grounds. Defendant judge Smith's ß 2255 opinion 'falsely explained' that the ß 2255 petition was procedurally dismissed based on the following two reasons of False Assumption, in quote they are:

1) " The court has reviewed the motion, files and record of the case and finds that petitioner is entitled to no relief. The court does not hold an evidentiary hearing. "

2) " Petitioner claims that his sentence was imposed in violation of the Constitution and the tenets of Blakely v. Washington, 542 US 296 (2004)...The court has reviewed petitioner's voluminous filings and finds that all of petitioner's arguments have been raised in one of his direct appeals in case No. 2:02-cr-29. Accordingly the matter is dismissed. "

Addressing first, the above first 'false assumption'; revisited must be the fact that defendant judge Smith, is the same judge who originally at the 1st resentencing of Nov. 2005, kept covered-up the fact that defendant judges King, Duncan and Williams did, at the first direct review of Apr. 2005 commit, --the "perverse Switch" of FOOTNOTE NINE's falsified calculations of sentence fact. So judge Smith's "perverse Switch" not of calculations of fact, but the Legal Standard of the DOB, during the first resentencing hearing, to exclude the legal tenets of the SAHB and only treat the resentencing under the legal tenets of the RHB made the cover-up complete; and additionally set the stage for defendant judges King, Duncan & Williams, at the 2nd direct review hearing of May 2007, to 'perversely affirm' judge Smith's procedural error of failing to recognize that Mr. Ruhbayan's custodial portion of sentence was actually fully served & moot, under an applied application of the legal tenets of the SAHB. So it was easy for the May 2007, direct review court of defendants of court record Page 115 of Ruhbayan 527 F.3d at 115, to "perversely affirm" defendant judge Smith's 'perverse switch' of the Legal Standard of the DOB & carry out Mr. Ruhbayan's May 2007 direct review, under the and consistent with the false substitute legal standard of Davenport, 445 f.3d 366 (4th cir 2006).

Addressing Second, the above second 'false Assumption'; Defendant judge Smith, in her her second above false assumption, attempts to try to put the nail in the coffin

<u>10</u>

of the coverup actions of defendants regarding the 1st resentencing hearing of Nov. 2005 and 1st & 2nd direct review hearings of Apr. 2005 & May 2007. Specifically , without holding an evidentiary hearing, judge Smith Falsely assumed that either the Apr. 2005 or May 2007 direct review courts of defendants had, adjudicated on the merits , under the legal tenets of the SAHB, Mr. Ruhbayan's 5th Amend. claim of a Legitimate Expectation of Finality and that such adjudication specifically addressed the contested sentence calculations of fact set forth on pages 11-12 of his supp. br. of a B.O.L. of 12, C.H.C. of III and guideline range of 15-21 months, under the operative SAHB's operative legal tenets of ß 3553(b)(1), ß 3585(b) and ß 3624(a); and that either the Apr. 2005 or May 2007 direct review courts had conclusively made a disfavorable determination on his 5th Amend. claim of a Legitimate Expectation of Finality as to the severity of his sentence or detention to not be legal beyond 21 months -or- that is to say a date of Oct. 2003. However, defendant judge Smith's false assumption is swiftly debunked and exposed as absurdly perverse & false for the following two reasonable reasons of the Official Appellate Court record opinions of the Apr. 2005 and May 2007 direct reviews of the defendants:

1) FOOTNOTE NINE of Ruhbayan, 406 f.3d 292 at 301 n.9 (4th cir. Apr. 2005) clearly shows that the Apr. 2005 court " PERVERSELY SWITCHED " the actual contested calculation facts, with false ones; futher FOOTNOTE NINE shows no 'conclusive decision making was made, but instead the court's adjudication choice was one of " ASSUMING, WITHOUT DECIDING..."; moreover this adjudication method of " Assuming, without deciding " was inconsistent with and a perverse contortion of the Legal Standard of the DOB, 543 US at 268, that required an adjudication method that was decisive and based on the actual contested sentence calculations of fact of pages 11-12 of Mr. Ruhbayan's supp. br., the DOB states: "(W)e must apply,,.the Sixth Amendment holding..."; and,

2) PAGE 115 of Ruhbayan, 527 f.3d 107 at 115 (4th cir. May 2007), clearly shows the May 2007 court, "PERVERSELY SWITCHED" the proper Legal Standard, from under the DOB's legal tenets of the SAHB and the legal tenets of Griffith, over the RHB to the improper legal standard of Davenport to adjudicate on the merits Mr. Ruhbayan's 5th. Amend. claim's 21 months' contested sentence calculations of fact. **Townsend, 344 US at 741:**

> " It is not the duration or severity of the sentence that renders it Constitutionally invalid; it is the **carelessness** or **designed** pronouncement of sentence on a foundation so extensively & materially false, which prisoner had no opportunity to correct...that renders the proceedings **lacking due process.**"

<u>11</u>

After, the 'process' of the ß 2255 habeas hearing of Apr. 2011 that was presided over by judge Smith, Mr. Ruhbayan diligently, in all subsequent years, filed numerous of various motions & petitions, in various circuits, seeking essentially and simply (A) first opportunity of Equitable Tolling of the statue of limitations for a first opportunity of access of hearing, in a federal court, to redress, under a ß 2255 habeas federal court, his previous and ongoing impeded, covered-up, prejudiced and nonfrivolous 5th Amend. claim of a Legitimate Expectation of Finality , Under the DOB's legal tenets of the SAHB specifically applied to the contested sentence calculations of fact that are set forth on pages 11-12 of his supp. br.. Further Defendants, King, Duncan, Williams or Smith have made sure that at least one of them presided over these Motions and Petitions and simply dismissed them all without critical explanation on the merits of the 5th Amend. claim or at least and adequate & meaningful adjudication on the merits of the 5th Amend. claim.

It follows for all reasons, above, Mr. Ruhbayan is forever prospectively barred, in his ability to effectively challenge those sentences and he does reasonably claim that no route is open to him other than this instant suit for prospective injunctive relief and prospective damages relief. Accordingly applying Heck to Mr. Ruhbayan's instant suit's claims would put him in an " untenable 'Catch-22' situation ", therefore he should be immune & so fall under the Heck exception.

## * COUNT TWO *

1st and 5th Amendment U.S. Constitutional deprivation of access of hearing, under the U.S. Supreme Court's Directive of Booker (" DOB ") infra. and its operative legal tenet of Griffith v. Kentucky, 479 U.S. 314 at 328 (1987), over the Remedial holding of Booker (" RHB ") infra. to redress, , in a federal court a 5th Amendment claim of a Legitimate Expectation of Finality---against Article III Defendant Judges Robert B. King, Allyson K. Duncan, William W. Wilkins of the Appellate Court of Richmond, VA. and Judge Rebecca B. Smith of the district court of Norfolk, VA.--- EACH OF FOUR Art. III defendant Judges SUED soley in their " INDIVIDUAL CAPACITY ".

12

## COUNT TWO's STATEMENT OF THE CLAIM

FOR PURPOSES OF AVOIDING REDUNDANCY AND TO ENHANCE COHERENT READING & EXAMINATION OF COUNT TWO's STATEMENT OF CLAIM, MR. RUHBAYAN DOES, **HERE-AND-NOW, INCORPORATE: ALL** COUNT ONE's STATEMENT OF CLAIM's STATEMENTS AND LEGAL FACTS, INTO COUNT TWO's STATEMENT OF THE CLAIM. Accordingly Mindful of 'all' of COUNT ONE's STATEMENT OF THE CLAIM'S statements and legal facts, Mr. Ruhbayan advances in COUNT TWO's STATEMENT OF CLAIM the following statements and legal facts:

The U.S. Supreme Court's DOB, 543 U.S. at 268, and its mandatory language of " must apply...todays holdings—both the Sixth Amendment holding and the remedial interpretation...to all cases on direct review...See Griffith.."(A) new rule...is to be applied to all cases on direct review or **NOT YET FINAL.** " ", required that four defendant judges MUST APPLY operative legal tenets of Griffith, 479 US at 328, over the RHB, 543 US at 245-246, specifically to Mr. Ruhbayan's 5th Amend. claim's contested sentence calculations of fact of pages 11-12 of his Supp. br.. Accordingly the DOB's Legal Standard necessarily created for Mr. Ruhbayan a 1st & 5th Amend. right of access of hearing, specifically under the legal tenet of Griffith over the RHB, to redress, in a federal court his 5th Amend. claim of a Legitimate Expectation of Finality.

Page 115 of Ruhbayan 527 f.3d 107 at 115 (4th cir. May 2007), reveals and Mr. Ruhbayan claims that Defendant judges King, Duncan, Williams & Smith while acting under the color of federal law deprived Mr. Ruhbayan of his 1st & 5th Amend. right of access of hearing, under the legal tenet of Griffith over the RHB, to redress , in a federal court his 5th Amend. claim of a Legitimate Expectation of Finality. Essentially Defendants, in Page 115, "PERVERSELY SWITCHED" the proper Legal Standard , from one under the DOB's legal tenets of the SAHB and the legal tenet of Griffith over th RHB, to the improper legal standard of Davenport, 445 f.3d 366 (4th cir. 2006) to adjudicate on the merits Mr. Ruhbayan's 5th Amend. claim's 21 months' contested sentence calculations of fact as to his Expectation of Finality's Legitimacy.

Importantly Defendants' "perverse switch" of legal standard, in Page 115, unreasonably puts the cart before the horse; DAVENPORT, being the CART, and GRIFFITH, being the Horse. The DOB's procedural legal tenets of Griffith over the RHB operatively govern whether the RHB's prejudicial effects of retroactivity is precluded or permitted to prejudice a custodial or supervised release portion of setence. Meaning Griffith's

13

clear language and legal tenets of " NOT YET FINAL " over the RHB effects means that Griffith permitted the new rule of the RHB to be retroactively applied only to a supervised release or custodial portion of sentence that had not been revealed to have been "NOT YET FULLY SERVED", in other words that is to say in Griffith's language: " NOT YET FINAL ", under the applied application of the legal tenets of the former rule of the SAHB, prior to the RHB's advent & announcement date of Jan. 12, 2005. And vise versa, Griffith precluded those custodial or supervised released portions of sentence that had been made fully served & so moot or that is to say in Griffith's language: "Final", under the legal tenets of the former rule of the SAHB, prior to the RHB's announcement and advent date of Jan. 12, 2005. See, Griffith at 321 n.6 ( " By Final we mean "); Also Cf. O'Georgia, 569 f.3d 281 at 286,289 (6th cir 2009) (Appellate court determined district court committed procedural error by failing to recognize that defendant's full service of the legislature's authorized 21 months statutory maximum of custodial portion of sentence authority, under the legal tenets of the SAHB, made that portion final and so moot at the resentencing stage, under the legal tenet of Griffith over the RHB).

It becomes clear that Davenport's legal tenets over the RHB and its BLANKET approach of a simple and prejudicial applied—: RHB Wholesale to all portions of a sentence regardless to whether that portion was revealed to be "final" or "not yet final" strikingly runs afoul of the DOB's procedural rule of Griffith's legal tenets over the RHB. It Follows, in Page 115, it is shown defendants utterly did not mention & slighted the DOB's procedural Rule of the legal tenet of Griffith over the RHB; further defendants, proceeded inconsistent with the DOB, to provide Mr. Ruhbayan less than his 1st and 5th Amend. right to an adequate & meaningful access of hearing, under the legal tenet of Griffith over the RHB, to redress, in a federal court, his 5th Amend. claim of a Legitimate Expectation of Finality.

<u>14</u>

## PROSPECTIVE DECLARATORY, INJUNCTIVE AND DAMAGES RELIEF

Declaratory relief seeking determination of the validity of the procedures employed for imposing the legal standard of the DOB, 543 US at 268, and its plural holdings-both the legal tenets of operative 18 USC ß 3553(b)(1), ß 3585(b) and ß 3624(a) of the SAHB, 543 US at 226-234, and the legal tenet of Griffith, 479 US at 328 & 321 n.6, over the RHB, 543 US 245-246, to Mr. Ruhbayan's 5th Amend. claim of a legitimate expectation of finality's contested sentence calculations of fact of pages 11-12 of his supp. br.; and by way of ancillary relief an otherwise proper,

Prospective Injunctive relief enjoining the prospective enforcement of rectifying and quelling invalid procedures of the legal standard of the DOB's plural holdings of the SAHB and Griffith, over the RHB, as pertaining to Mr. Ruhbayan's 5th Amend. claim of a legitimate expectation of finality –and– enjoining the prospective awardance of EQUITABLE TOLLING of the statute of limitations of ß 2255 to provide Mr. Ruhbayan a first opportunity of access of hearing to redress , in a ß 2255 habeas federal court, his 5th Amend. claim of a legitimate expectation of finality; and in conclusion is,

Sought any prospective declaratory, injunctive and damages relief-this court deems that equity and a proper carriage of justice requires in-order to deter defendants, from future invalid procedures of the legal standard of the DOB –and– to expedite restoration of Mr. Ruhbayan's sacred 1st & 5th Amend. rights of access-to-courts, regarding the claims of this instant suit. **See.e.g., Wolf v. Mcdonnell,** 418 US 539 at **554-555** (1974) ( " Holding ß 1983 remains available, prospective declaratory, injunctive and damages relief, on procedural challenges, but not result challenges, where success would **necessarily** spell immediate or speedier release for the prisoner. ' ).

15

BIVENS SUIT OF COMPLAINT,
SINCERELY SUBMITTED & FILED;

*R7R7*                          *5/12/2021*
_____   _____
Rajul Ruhbayan, **PRO SE**          DATE OF EXECUTION
SIGNATURE OF EXECUTION,
UNDER and pursuant to 28 USC ß 1746


## * CERTIFICATE OF SERVICE *

*N/A*

        I, Rajul Ruhbayan, certify that on the date of _____*N/A*_____, I served
a copy of this " BIVENS COMPLAINT FOR CONSTITUTIONAL DEPRIVATION OF ACCESS-TO-COURT "
on all parties of suit, addressed below:


1. Alan Mark Salsbury (same address)

2. Andrew Curtis Bosse (same address)


ADDRESS: OFFICE OF U.S. ATTORNEY
         8000 WORLD TRADE CENTER
         101 WEST MAIN STREET, SUITE 8000
         NORFOLK, VA. 23510

3.       OFFICE OF U.S ATTORNEY
         150 FAYETTEVILLE ST. SUITE 201
         RALEIGH, NC. 27601

*N/A*
_____
Rajul Ruhbayan
SIGNATURE OF EXECUTION,
UNDER 28 USC ß 1746


<u>16</u>

Case 5:21-ct-03133-BO    Document 1    Filed 05/17/21    Page 15 of 15